UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


AUDLEY K. WATSON,                    :
          Petitioner,                :
                                     :          PRISONER CASE NO.
          v.                         :          3:08-cv-568 (WWE)
                                     :
WARDEN MURPHY,                       :
          Respondent.                :


**RULING ON MOTION TO STAY OR DISMISS**

Petitioner Audley K. Watson, an inmate currently incarcerated at the MacDougall Correctional Institution in Suffield, Connecticut, brings this action <u>pro se</u> for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss or stay the petition on the ground that petitioner failed to exhaust his state court remedies as to one claim and has procedurally defaulted as to four other claims.  For the reasons that follow, respondent's motion will be granted.

**I.    BACKGROUND**

In August 1997, police officers arrested plaintiff and charged him with stabbing Reggie Montgomery in Manchester, Connecticut on August 27, 1997.  Reggie Montgomery died from the stab wounds on August 28, 1997.  On October 22, 1997, Superior Court Judge David M. Barry held a probable cause hearing.  At the conclusion of the hearing, the judge found that there was probable cause to believe that the petitioner had committed the

crime of murder in violation of Connecticut General Statutes §
53a-54a.  *See* Resp't's Mem. App. A.  On May 27, 1998, Superior
Court Judge Patrick Clifford held a hearing during which
petitioner pleaded guilty to the charge of murder under the
*Alford* doctrine, Judge Clifford canvassed petitioner to determine
that the plea was knowing and voluntary and accepted the guilty
plea.  On August 21, 1998, Judge Clifford sentenced petitioner to
a total effective sentence of twenty-five years of imprisonment.
Petitioner did not appeal his conviction.

On April 22, 1999, petitioner filed a *pro se* petition for
writ of habeas corpus in state court.  On January 16, 2002,
appointed counsel amended the petition to assert a claim of
ineffective assistance of trial counsel.  Petitioner claimed that
trial counsel was ineffective because he (1) failed to
investigate and conduct tests on a screwdriver, allegedly found
in proximity to the victim's body following the stabbing, to
support a claim of self-defense, (2) incorrectly informed
petitioner that he would be eligible for parole, (3) neglected to
advise petitioner that he would have to serve the full twenty-
five years of his mandatory minimum sentence and (4) inadequately
advised petitioner regarding sentencing.  *See* Resp't's Mem. App.
C.  The state court dismissed the petition after a hearing.  *See*
*Watson v. Warden-Cheshire*, No. CV000444408, 2002 WL 652379 (Conn.
Super. Ct. March 27, 2002).  On April 8, 2003, the Connecticut

2

Appellate Court affirmed the dismissal of the habeas petition in a *per curiam* opinion. *See Watson v. Commissioner of Correction*, 76 Conn. App. 93, 819 A.2d 942 (2003). On October 7, 2003, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Connecticut Appellate Court. *See Watson v. Commissioner of Correction*, 266 Conn. 918, 837 A.2d 892 (2003).

On January 28, 2004, petitioner filed a second state habeas petition claiming ineffective assistance of counsel. On August 19, 2005, appointed counsel amended the petition to assert a claim of ineffective assistance of trial counsel and ineffective assistance of habeas counsel. Plaintiff asserted ten ways in which trial counsel had been ineffective and six ways in which habeas counsel had been ineffective. *See* Resp't's Mem. App. H. On May 24, 2006, the court held a hearing on the amended petition. At the beginning of the hearing, the state court heard argument on the state's motion to dismiss filed pursuant to Connecticut Practice Book 23-29(3) and seeking dismissal of the ineffective assistance of trial counsel claim as barred by the doctrine of *res judicata*. After considering the argument on the motion to dismiss, the judge granted the motion as to the claim of ineffective assistance of trial counsel on *res judicata* grounds and then heard testimony from two witnesses on the claim of ineffective assistance of habeas counsel. At the conclusion

of the hearing, the judge denied the petition as to the claim of ineffective assistance of habeas counsel. *See* Resp't's Mem. App. K.

On February 5, 2008, the Connecticut Appellate Court dismissed the appeal of the denial of the habeas petition in a *per curiam* opinion. *See Watson v. Commissioner of Correction*, 105 Conn. App. 903, 939 A.2d 33 (2008). On April 10, 2008, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Connecticut Appellate Court. *See Watson v. Commissioner of Correction*, 286 Conn. 919, 946 A.2d 1249 (2008).

Petitioner commenced this action by petition dated March 17, 2008. Petitioner challenges his conviction on seven grounds. In ground one, petitioner asserts that his guilty plea was not knowing and voluntary because the judge, trial counsel and the prosecutor failed to inform him during the plea canvass that his sentence was mandatory. In ground two, petitioner argues that his guilty plea was not knowing and voluntary because trial counsel failed to inform him that his plea would render him ineligible for parole or any other sentence reduction. In grounds three through seven, petitioner contends that trial counsel was ineffective because he failed to investigate and conduct tests on the screwdriver allegedly found near the victim's body after the stabbing, file a motion to suppress a

4

witness statement after the witness recanted, investigate and interview witnesses in order to negate the elements of the murder charge, present a defense theory or strategy during plea negotiations to permit petitioner to negotiate a favorable plea and investigate a defense of others defense.

## II.  DISCUSSION

Respondent moves to dismiss or stay the federal petition on the ground that petitioner has not exhausted claim one of the petition and that he has procedurally defaulted claims four through seven.  In response, petitioner claims that all claims have been exhausted and that none of the claims are subject to dismissal due to procedural default.

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts."  *See O'Sullivan*, 526 U.S. at 845.  The Second Circuit requires the district court to conduct a two-part inquiry.  First, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it."  *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted).  Otherwise,

the state courts will not have had an opportunity to correct the alleged errors. *See O'Sullivan*, 526 U.S. at 845 (if petitioner raises different factual issues under the same legal theory he is required to present each factual claim to the highest state court in order to exhaust his state remedies). Second, he must have utilized all available means to secure appellate review of his claims. He cannot wait until appellate remedies no longer are available and argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir.), *cert. denied*, 544 U.S. 1025 (2005).

To address the possibility that an inmate would exhaust his claims simply by letting the time run on state remedies, the Supreme Court created the procedural default doctrine. *See O'Sullivan*, 526 U.S. at 853 (Stevens, J., dissenting). When an inmate has exhausted his state remedies but has not given the state courts a fair opportunity to consider his federal claims, the inmate has procedurally defaulted his claims and is ineligible for federal habeas relief absent a showing of "cause and prejudice" or "a fundamental miscarriage of justice." *Id.* at 854 (internal citations omitted).

In his first ground for relief, petitioner claims that the trial court's plea canvass was inadequate because the judge, his attorney and the prosecutor failed to make him aware that his twenty-five year sentence was mandatory. Petitioner did not

6

raise this claim on direct appeal or in either state habeas petition.  Accordingly, this claim is unexhausted.

Grounds two and three can be construed as raising claims of ineffective assistance of trial counsel based on counsel's failure to investigate and conduct tests on the screwdriver allegedly found near the victim's body after the stabbing and inform him that his plea would render him ineligible for parole or any other sentence reduction.  These two grounds are exhausted as they were raised in the first state habeas petition and on appeal of the decision denying that petition.

In the second state habeas petition, the Connecticut Superior Court judge dismissed petitioner's claims of ineffective assistance of trial counsel, which are also asserted in grounds four through seven of this petition, as procedurally barred by the doctrine of *res judicata* because petitioner could have raised the claims in the first state habeas petition.  *See* Resp't's Mem. App. K.  The Connecticut Appellate Court dismissed the appeal of the denial of the habeas petition without opinion.  *See Watson*, 105 Conn. App. 903, 939 A.2d 33.  The Connecticut Supreme Court denied the petition for certification to appeal the decision of the appellate court.  *See Watson*, 286 Conn. 919, 946 A.2d 1249. The respondent argues that claims four through seven have been procedurally defaulted.

"When a state-law default prevents the state court from

reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) (citing .  A federal claim will not be procedurally defaulted, however, "unless the last state court rendering a judgement in the case clearly and expressly states that its judgement rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (internal quotation marks and citations omitted).  In *Ylst*, the Supreme Court explained that when one reasoned state opinion explicitly imposes procedural default, later decisions rejecting the claim without opinion are presumed to have invoked the same default.  *Id.* at 803. Applying the presumption stated in *Ylst*, the Connecticut Appellate Court's unexplained dismissal of the petitioner's appeal of the second habeas petition is considered an adoption of the Superior Court's decision which granted the state's motion to dismiss the ineffective assistance of trial counsel claims on a state procedural bar.  Thus, the court considers the ineffective assistance of trial counsel claims set forth in grounds four through seven to have been procedurally defaulted and are barred from review unless petitioner can demonstrate cause for the default and prejudice arising therefrom.

To establish cause to excuse procedural default, petitioner must identify "some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S.

478, 492 (1986).  Such factors include interference by state officials impeding compliance with state rules or a showing that the factual or legal basis for a claim was not reasonably available to defense counsel.  *See McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).  Petitioner contends that the "cause" for his failure to present these claims in the first state habeas petition was due to errors on the part of the attorney who represented him in the first habeas petition.

Attorney ignorance or error is insufficient to show "'cause' because the attorney is the petitioner's agent" in litigating the case and petitioner "'bear[s] the risk of attorney error.'" *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray*, 477 U.S. at 488).  Furthermore, petitioner has "no constitutional right to an attorney in state post-conviction proceedings" where such proceedings are not the first appeal as of right.  *Id.* at 752.  As a consequence, a petitioner cannot claim that habeas counsel deprived him of effective assistance of counsel in violation of the Sixth Amendment and any errors by habeas counsel do not constitute cause to excuse procedural default.  *See Id.* at 752-57.  Thus, petitioner's claims of error on the part of habeas counsel do not establish cause to excuse his procedural default.

Nor can petitioner show that failure to consider these claims would result in a fundamental miscarriage of justice, that is, "the conviction of one who is actually innocent."  *Murray*,

9

477 U.S. at 496.  To meet this exception, petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995).  Petitioner has presented no evidence showing that he is innocent of the charges.  Accordingly, the claims of ineffective assistance of trial counsel set forth in grounds four through seven of the petition cannot be reviewed and are dismissed.

Thus, two exhausted claims and one unexhausted claim remain in the petition.  Where a petition contains both exhausted and unexhausted claims, the district court should not dismiss the petition if an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court.  *See Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001).  There is now a one-year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court.  The limitations period commences when the conviction becomes final and is tolled while a properly filed application for post-conviction relief is pending in state court. See 28 U.S.C. §2244(d).

The petitioner's conviction became final on September 10, 1998, at the expiration of the twenty-day period within which the petitioner could have filed an appeal of his conviction.  *See*

Conn. Practice Book § 63-1(a) and (b).  The petitioner filed the first state habeas petition on April 22, 1999, 224 days after his conviction became final.  Petitioner's first habeas petition became final on October 7, 2003, when the Connecticut Supreme Court denied the petition for certification to appeal the decision of the appellate court.  The petitioner filed the second state habeas petition on January 26, 2004, 113 days after the first state habeas petition became final.  Petitioner commenced the present petition on March 17, 2008, the day he signed the petition and presumably handed his habeas petition to prison officials for mailing to the court.[1]  The second state habeas petition became final on April 10, 2008, when the Connecticut Supreme Court denied the petition for certification to appeal the decision of the appellate court.  Thus, a total of 337 days of the one-year statute of limitations expired before the filing of this petition.  The filing of a federal habeas petition, however, does not toll the running of the one-year limitations period.  Accordingly, the one-year limitations period has now expired and if the court were to dismiss the petition without prejudice to permit petitioner to exhaust his state remedies as to the plea

---

[1]  The Second Circuit has held that a pro se prisoner's petition for writ of habeas corpus is considered filed as of the date the prisoner gives the petition to prison officials to be forwarded to the court.  *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir.) (extending prisoner mailbox rule to pro se habeas corpus petitions) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)), *cert. denied*, 534 U.S. 886 (2001).

canvass claim, he would be barred from re-filing a habeas petition in this court including the exhausted claim.

To avoid dismissal of a subsequent petition, the United States Court of Appeals for the Second Circuit has recommended that district courts stay the petition to permit the petitioner to complete the exhaustion process and return to federal court. See Zarvela, 254 F.3d at 380-83 (advising district courts to stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'").  The court concludes that dismissing this case without prejudice to reopening it after completion of the exhaustion process offers the petitioner the same protection as the issuance of a stay of this case pending exhaustion.  By permitting the petitioner to reopen this case after he has completed exhaustion of his state court remedies, the danger that a subsequent new petition would likely be barred by the statute of limitations is eliminated.  Under either procedure, the court would require the petitioner to file a motion or notification with the court after completion of the exhaustion process in state court.  Thus, the court will dismiss the first three grounds of the present petition without prejudice to the filing of a motion to reopen by the petitioner after he has fully exhausted his state court remedies as to ground one of

the petition.

III.  **CONCLUSION**

The respondent's Motion to Dismiss or Stay [doc. #7] is **GRANTED.  Grounds four, five, six and seven are DISMISSED and Grounds one, two and three are DISMISSED without prejudice.** Petitioner may file a motion to reopen this case as to grounds one, two and three of the petition after he has fully exhausted all available state court remedies as to the first ground.

Within **thirty** days after the petitioner has completed the exhaustion of his state court remedies as to the first ground of the petition, the petitioner shall file a motion to reopen this case reporting that grounds one through three have been fully exhausted and that he wishes to reopen this case.  The motion must be accompanied by an amended petition for writ of habeas corpus including the first three grounds and copies of any state court decisions documenting the exhaustion of those grounds.

The court concludes that jurists of reason would not find it debatable that petitioner did not exhaust his state court remedies with regard to ground one of the petition and that he procedurally defaulted grounds four through seven of the petition.  Thus, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists

of reason would find debatable the correctness of the district
court's ruling).  The Clerk is directed to enter judgment and
close this case.

   **SO ORDERED** at Bridgeport, Connecticut, this _____ day of
September, 2009.

_____
                    Warren W. Eginton
                    Senior United States District Judge