UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AUDLEY WATSON,  :
    Petitioner,  :
                                             :        PRISONER
v.  :  Case No. 3:08cv568(WWE)
                                             :
WARDEN MURPHY,  :
    Respondent.  :

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner Audley Watson, an inmate confined at Osborn Correctional Institution in Somers, Connecticut, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his conviction for murder.  For the reasons set forth below, the petition will be denied.

**I.    Procedural Background**

In October 1997, in the Connecticut Superior Court for the Judicial District of Hartford-New Britain, a judge found probable cause to believe that the petitioner had committed the crime of murder in violation of Connecticut General Statutes § 53a-54a. (*See* Mem. Opp'n Amended Pet. Writ Habeas Corpus, App. A.)  On May 27, 1998, the petitioner pleaded guilty pursuant to the Alford doctrine to the charge of murder in violation of Connecticut General Statutes § 53a-54a.  (*See id.* at App. B.)  On August 21, 1998, a judge sentenced the petitioner to a total term of imprisonment of twenty-five years.  (*See* Amended Pet. Writ Habeas Corpus at 2.)  The petitioner did not appeal the conviction.

On April 22, 1999, the petitioner filed a petition for writ of habeas corpus in the Connecticut Superior Court for the Judicial District of Tolland at Rockville.  In January 2002, the petitioner filed an amended petition asserting claims of ineffective assistance

of trial counsel.  (*See* Mem. Opp'n Pet. Writ Habeas Corpus, App. C.)

The petitioner and his trial attorney testified at a hearing held on January 16, 2002.  (*See id.* at App. D.)  On March 27, 2002, a judge dismissed the amended petition for writ of habeas corpus.  *See Watson v. Warden, Cheshire*, No. CV000444408, 2002 WL 652379 (Conn. Super. Ct. Mar. 27, 2002).

On appeal the petitioner argued that the habeas judge's denial of the petition for writ of habeas corpus constituted an abuse of discretion.  (*See* Mem. Opp'n Amended Pet. Writ Habeas Corpus, App. F.)  On April 8, 2003, the Connecticut Appellate Court affirmed the judgment of the trial court in a *per curiam* decision.  *See Watson v. Commissioner of Correction*, 76 Conn. App. 903, 819 A.2d 942 (2003).  On October 7, 2003, the Connecticut Supreme Court denied certification to appeal further.  *See Watson v. Commissioner of Correction*, 266 Conn. 918, 837 A.2d 802 (2003).

## II.   Factual Background

From the evidence gleaned from the probable cause hearing held on October 22, 1997, the court could have found the following facts.  The petitioner and Reggie Montgomery were friends.  A dispute arose between the petitioner's brother, Granville Watson, and Reggie Montgomery over payment for the sale of a car.  On August 27, 1997, Reggie Montgomery and his father, Willie Montgomery, drove to Granville's home to make the car payment.  After Reggie arrived, he spoke calmly to Granville about the car payment.  Approximately fifteen to thirty minutes later, the petitioner arrived at the scene by car, exited his vehicle and began to yell at Reggie.  The petitioner began to walk towards his brother's house with a knife in his hand and making verbal threats towards Reggie.  The petitioner came within two feet of Reggie and lunged at him with

the knife, stabbing Reggie. The petitioner retreated to his car. When Willie ran over to his son, Reggie stated that the petitioner had stabbed him. Willie told his son that they should leave the scene. Reggie was unable to move and fell to one knee and collapsed to the ground on his face. Although Granville refused to call 911, two neighbors had observed the incident and did call the police.

When a police officer arrived, he found Reggie to be unresponsive. When he turned Reggie over, he found a screw driver and a pager on the ground beneath Reggie's body and a puncture wound to Reggie's left breast area. The police officer observed that Reggie's breathing was labored. He applied oxygen and a bandage to the wound. An ambulance transported Reggie to a hospital where he died the next day.

The petitioner called his fiancé after the incident and related that he had stabbed Reggie once or twice. When he saw his fiancé in person, he again told her that he had used his pocket knife to stab Reggie. At some point, the petitioner mentioned to his fiancé that his brother, Granville, had informed him that a screw driver had been found under the body. (*See* Mem. Opp'n Amended Pet. Writ Habeas Corpus, App. A.)

### III.    Standard of Review

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a). A claim that a state conviction was obtained in violation of state law is not cognizable in the federal court. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

The federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the

state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision. *See Carey v. Musladin*, 549 U.S. 70, 74 (2006). The law may be a generalized standard or a bright-line rule intended to apply the standard in a particular context. *Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir.), *cert. denied*, 537 U.S. 909 (2002).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court or if it decides a case differently than the Supreme Court on essentially the same facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case, or refuses to extend a legal principle clearly established by the Supreme Court to circumstances intended to be encompassed by the principle. *See Davis v. Grant*, 532 F.3d 132, 140 (2d Cir. 2008), *cert. denied*, 555 U.S. 1176 (2009). The state court decision must be more than incorrect; it also must be objectively unreasonable which is a substantially higher standard. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting

that presumption by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1); *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011) (standard for evaluating state-court rulings where constitutional claims have been considered on the merits and which affords state-court rulings the benefit of the doubt is highly deferential and difficult for petitioner to meet).  In addition, the federal court's review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  *See Id.*

**IV.    Discussion**

The petitioner challenges his conviction on two grounds.  He asserts that trial counsel improperly advised him that he would be eligible for parole from a mandatory minimum twenty-five year sentence imposed pursuant to his plea of guilty to one count of murder.  In the second ground for relief, the petitioner argues that his trial attorney failed to test a screwdriver, that was found under the victim, for fingerprints and blood in order to support the petitioner's claim of self-defense.

An ineffective assistance of counsel claim is reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail, the petitioner must demonstrate, first, that counsel's conduct "fell below an objective standard of reasonableness" established by prevailing professional norms and, second, that this incompetence caused prejudice to him. Id. at 687-88.  Counsel is presumed to be competent.  Thus, "the burden rests on the accused to demonstrate a constitutional violation."  *United States v. Cronic*, 466 U.S. 648, 658 (1984).  To satisfy the prejudice prong of the *Strickland* test, the petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Strickland*, 466 U.S. at 694. "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome" of a trial. *Id.* When the ineffective assistance of counsel claim is premised on counsel's strategies or decisions, the petitioner must demonstrate that he was prejudiced by his counsel's conduct. The court evaluates counsel's conduct at the time the decisions were made, not in hindsight, and affords substantial deference to counsel's decisions. *See Rompilla v. Beard*, 545 U.S. 374, 381 (2005).

To demonstrate prejudice in the context of a guilty plea, the petitioner must demonstrate that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). That is, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To prevail, the petitioner must demonstrate both deficient performance and sufficient prejudice. *See Strickland*, 466 U.S. at 700. Thus, if the court finds one prong of the standard lacking, it need not consider the remaining prong.

### 1. Guilty Plea

The petitioner contends that prior to accepting the plea offer of twenty-five years, his attorney incorrectly informed him that he would be eligible for parole and good time credit. The petitioner claims that he would not have accepted the guilty plea to the twenty-five year sentence had he known that he would be ineligible for parole or a reduction in his sentence based on good time credit.

In its analysis, the Connecticut Superior Court applied the standards established in *Strickland* and *Hill*. Because the state court applied the correct legal standard, the

state court decision cannot meet the "contrary to" prong of section 2254(d)(1). Thus, the petitioner may obtain federal habeas relief only if the state court decision was an unreasonable application of that standard to the facts of this case.

     The habeas judge reviewed the testimony of both the petitioner and trial counsel. The judge concluded that trial counsel testified credibly regarding communications with the petitioner regarding the mandatory nature of the twenty-five year sentence and that he never informed the petitioner that he would be eligible to serve less than twenty-five years. The judge was not persuaded by the petitioner's testimony that he was unaware that his sentence was a mandatory minimum sentence that was not subject to reduction. The judge noted that the trial court's canvass of the petitioner prior to the acceptance of the guilty plea demonstrated that the petitioner was clearly aware that the sentence was mandatory and could not be reduced or suspended and that he could not be released on parole prior to the expiration of the sentence. Furthermore, the petitioner testified at the habeas hearing that he had told the judge at the plea hearing that no promises had been made in exchange for his decision to plead guilty and accept the twenty-five year sentence and that he was familiar with the criminal process as he had pleaded guilty to a different criminal charge six months earlier. The petitioner also acknowledged that he was aware that statutory good time credit was no longer available to convicted inmates at the time of his guilty plea.

     The judge determined that based on counsel's credible testimony at the habeas hearing the petitioner had not demonstrated that his trial attorney had improperly advised him regarding the plea bargain. Thus, the judge concluded that the trial attorney had provided the petitioner with competent representation.

The state habeas judge's factual findings and credibility determinations are "presumed to be correct," and the petitioner has the "burden of rebutting [that] presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Furthermore, in reviewing a claim of ineffective assistance of counsel, this court is not permitted to reassess the state habeas judge's credibility determinations of witnesses, when it has not heard the testimony or observed the demeanor of those witnesses. *See  Shabazz v.* Artuz, 336 F.3d 154, (2d Cir. 2003) ("Credibility determinations are properly within the province of the state court that presided over the trial and evidentiary hearing.")*; Cotto v. Hebert*, 331 F.3d 217, 233 (2d Cir. 2003) (presumption of correctness as to the factual findings by the trial judge under 28 U.S.C. § 2254(e)(1) is "particularly important when reviewing the trial court's assessment of witness credibility").

The petitioner has failed to present clear and convincing evidence that the state habeas judge's factual or credibility determinations were unreasonable.  Thus, the court has no basis to set aside the state court's credibility assessments.  The court concludes that the habeas judge's determination that counsel's advice regarding the petitioner's plea fell "withing the wide range of professionally competent assistance" was not an unreasonable application of the performance prong of the *Strickland* standard to the facts of the case.  *Strickland*, 466 U.S. at 690.

The habeas judge also found that the petitioner had not been prejudiced by his acceptance of the plea agreement.  At the habeas hearing, the petitioner conceded that he was present at the probable cause hearing and understood and had heard all of the evidence that the state had against him.  Counsel testified that the prosecutor was

insistent on charging the petitioner with murder and would not agree to reduce the charge to manslaughter.  It was clear to the petitioner that if he went to trial and was convicted of murder, the minimum sentence he could have received was twenty-five years and the maximum sentence was sixty years.  In addition, the petitioner was aware that at the time of his plea hearing and sentencing, good-time credit had been abolished and that it was not his attorney, but some other individual or individuals who had told him he might not have to serve the full twenty-five years.

Although the petitioner testified at the habeas hearing that he would have considered proceeding to trial had counsel advised him that he would not be eligible for release on parole from the twenty-five year sentence or that the sentence could not be reduced by good-time credit, the habeas judge did not find this testimony credible.  The habeas judge determined that it was not reasonable to believe that the petitioner would have elected to go to trial given that the State had presented an abundance of evidence against him at the probable cause hearing and the petitioner knew that the minimum sentence he could have received after a trial if the jury found him guilty of murder was twenty-five years and the maximum sentence was sixty years.  Accordingly, the judge concluded that the petitioner had not satisfied the prejudice prong of the *Strickland* and *Hill* tests.

The petitioner has not offered clear and convincing evidence to rebut the presumption of correctness accorded to the state habeas judge's credibility determination.  Other than the petitioner's after-the-fact conclusory testimony at the habeas hearing, the petitioner failed to present any evidence that demonstrates there was any real possibility that he would have chosen to face trial on the murder charge if

he had known that he could not have been considered for parole from the twenty-five year sentence. *See Panuccio v. Kelly*, 927 F.2d 106, 109 (2d Cir. 1991) (noting that the prejudice prong of the inquiry required under *Hill* "is not satisfied merely by [petitioner's] testimony that he would have gone to trial and not pleaded guilty . . . since a defendant's testimony after the fact suffers from obvious credibility problems") (internal quotation marks and citation omitted). The court concludes that the state habeas judge reasonably applied *Strickland* and *Hill* when it decided that insufficient evidence was presented to permit a finding that petitioner would have elected not to accept the guilty plea and the twenty-five year sentence had counsel informed him that he would be ineligible for parole and good-time credit. Because the trial judge determined that counsel's performance was not deficient and that the petitioner had not demonstrated that he was prejudiced by counsel's actions, the state habeas judge's decision to reject the petitioner's ineffective assistance of counsel claim was not an unreasonable application of clearly established federal law. The petition is denied on the ground that counsel was ineffective in advising the petitioner as to his guilty plea.

    **2.**    **Testing of the Screw Driver**

The petitioner argues that trial counsel was ineffective in failing to test the screwdriver found underneath the victim for fingerprints and blood. The petitioner contends that such evidence might have supported his claim of self-defense.

In its analysis, the Connecticut Superior Court applied the standard established in *Strickland*. Because the state court applied the correct legal standard, the state court decision cannot meet the "contrary to" prong of section 2254(d)(1). Thus, the petitioner may obtain federal habeas relief only if the state court decision was an unreasonable

application of that standard to the facts of this case.

The habeas judge noted that the petitioner had not testified that the victim had brandished a screwdriver at the time he stabbed the victim or that he had been stabbed with a screwdriver. Instead, the petitioner simply concluded that testing of the screwdriver would have shown that the victim possessed the screwdriver, there was blood on the screwdriver and that the victim had attacked him. The petitioner failed to submit any evidence at the habeas hearing to support these conclusory statements.

Trial counsel's testimony reflected that he thought there were problems with the way the screwdriver had been discovered and that any testing would likely have revealed evidence that was harmful, rather than helpful. In addition, the testimony by witnesses at the probable cause hearing eliminated any claim of self-defense that might have been possible before the hearing. None of the witnesses testified to seeing the victim brandishing or carrying a screwdriver or any other weapon at the time of the altercation with the petitioner.

The habeas judge credited the testimony of counsel regarding his tactical decision not to test the screwdriver because the results would likely be harmful and would then render the existence of the screwdriver unusable as a negotiating tool. The court concluded that the counsel's decision was an exercise of reasonable professional judgment. Thus, the petitioner had failed to establish that trial counsel's performance met the first prong of *Strickland*.

"Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Counsel provided a legitimate explanation for his decision that testing of the screwdriver

should not be undertaken because it was likely to reveal evidence that would have harmed his defense of the petitioner. Here, counsel's strategic decision not to test the screwdriver was deliberate and reasonable. *See Wood v. Allen*, 558 U.S. 290, ___, 130 S. Ct. 841, 853 (2010) (counsel's "decision cannot be fairly characterized as strategic unless it is a conscious choice between two legitimate and rational alternatives. It must be borne of deliberation and not happenstance, inattention or neglect.") (internal quotation marks and citation omitted). Upon review, this Court concludes that the state habeas judge reasonably applied the standard set forth in *Strickland* in deciding that the petitioner had not proven that counsel's performance was deficient.

The habeas judge also considered whether the petitioner had met the prejudice requirement of the *Strickland* test. The judge noted that there was no evidence to support the petitioner's contention that testing the screwdriver would have revealed results favorable to the defense. Instead, the petitioner offered speculation as to what the results of any testing of the screwdriver might offer. Furthermore, the petitioner failed to provide an explanation as to how any test results might have overcome the totality of the evidence against him, including the eyewitness testimony and the petitioner's statements to his fiancé after the stabbing. Thus, there was no evidence that the outcome of the petitioner's criminal case would have been different if the screwdriver had been sent for testing by his attorney. The habeas judge concluded that the petitioner had failed to demonstrate any prejudice as a result of counsel's decision not to test the screwdriver.

The petitioner has presented no evidence to overcome "the presumption of

correctness" that is attributed to the factual findings of the state habeas judge.  *See* 28 U.S.C. § 2254(e)(1).   The habeas judge's determination that the petitioner suffered no prejudice from counsel's decision to forgo testing the screwdriver was not an objectively unreasonable application of the second prong of the *Strickland*  standard.  Accordingly, the petition is denied as to the claim of ineffective assistance of counsel related to the testing of the screwdriver.

## V.     Conclusion

The Amended Petition for Writ of Habeas Corpus [**doc. #16**] is **DENIED**. Because petitioner has not made a showing of the denial of a constitutional right, a certificate of appealability will not issue.  The Clerk is directed to enter judgment and close this case.

Dated this ___3rd__ day of October 2012, at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge
